UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

_____

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 25-CR-103 |
| | ) | |
| v. | ) | Green Bay, WI |
| | ) | |
| RYAN S. SCHROEDER, | ) | March 4, 2026 |
| | ) | 1:36 p.m. |
| Defendant. | ) | |

_____

TRANSCRIPT OF CHANGE OF PLEA HEARING
BEFORE THE HONORABLE BYRON B. CONWAY
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Plaintiff:
UNITED STATES OF AMERICA:        United States Dept. of Justice
                                 (ED-WI)
                                 By:  MR. DANIEL R. HUMBLE
                                 Office of the US Attorney
                                 205 Doty Street, Ste. 301
                                 Green Bay, WI  54301
                                 Ph:  920-884-1066
                                 daniel.humble@usdoj.gov

For the Defendant                Gimbel, Reilly, Guerin &
RYAN SCHROEDER:                  Brown, LLP
(Present)                        By:  MR. JASON D. LUCZAK
                                 330 E. Kilbourn Ave., Ste. 1170
                                 Milwaukee, WI  53202
                                 Ph:  414-224-1440
                                 jluczak@grgblaw.com

ALSO PRESENT:                    MS. AMY KOSMOSKI, US Probation.


U.S. Official Transcriber:  JENNIFER L. STAKE, RDR, CRR
Proceedings recorded by electronic recording, transcript
produced by computer-aided transcription.

Case 1:25-cr-00103-BBC    Filed 03/27/26    Page 1 of 17    Document 31

1

TRANSCRIPT OF PROCEEDINGS

(Transcribed from audio recording.)

THE CLERK:  Court calls Case No. 25-CR-103, United States of America versus Ryan S. Schroeder, for a change of plea hearing.  May I have the appearances, please.

MR. HUMBLE:  Dan Humble for the government.  Good afternoon, your Honor.

THE COURT:  Afternoon.

MR. LUCZAK:  Good afternoon, your Honor.  Jason Luczak from Gimbel, Reilly, Guerin & Brown appears with Ryan Schroeder, who appears in custody and in person.

MS. KOSMOSKI:  Good afternoon, your Honor.  Amy Kosmoski on behalf of probation.

THE COURT:  Okay.  Good afternoon, everyone.  This matter comes before the Court this afternoon for a change of plea consistent with the terms of a plea agreement that was filed earlier in which Ryan -- it's "Schroeder?"

MR. LUCZAK:  "Schroeder."

THE DEFENDANT:  "Schroeder."

THE COURT:  -- Ryan Schroeder is prepared to enter a plea of guilty to an offense charged in a two-count indictment.  And the count he's pleading guilty to is Count 1; is that correct?

MR. LUCZAK:  Correct.

THE COURT:  All right.  During this proceeding today,

Mr. Schroeder, we're going to need to ask you some questions. And so if you're willing to answer those questions, I would ask you to stand so the clerk can swear you in.

THE DEFENDANT: Okay.

THE CLERK: Please raise your right hand.

(The defendant is sworn or affirmed.)

THE DEFENDANT: Yes, ma'am.

THE CLERK: Thank you. You may be seated.

THE COURT: And, Mr. Schroeder, you're now under oath, so I have to advise you if you give any answer to any of my questions that are false, you may later be charged with perjury in another case for making a false statement.

Do you have the indictment there in front you have?

THE DEFENDANT: Yes, your Honor.

THE COURT: Okay. You've received a copy of that. Have you discussed that with your lawyer?

THE DEFENDANT: Yes, your Honor.

THE COURT: Count 1 of the indictment charges that on August 23rd, 2023, in the State of Wisconsin and the Eastern District that you knowingly employed, used, persuaded, induced, enticed, and coerced Jane Doe A, a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. And the visual depiction was produced using materials that had been transported in interstate commerce, all in violation of Title 18 United States

Code Section 2251A.  That is the charge in Count 1 that you would be pleading guilty to.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  The offense in Count 1 to which you intend to plead guilty carries a mandatory minimum of 15 years imprisonment and a maximum of 30 years imprisonment.  There's also a minimum five years of supervised release and up to a lifetime of supervised release.  There's a mandatory $100 special assessment, and the plea agreement confirms the Court may order restitution to the victim depending on the circumstances, but I don't have any information about that right now.

So, Mr. Schroeder, that's the charge, and those are the penalties if you proceed today to plead guilty.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Before I can accept your guilty plea, there's a number of things that I need to determine.  I need to make sure that you are entering a plea knowingly and voluntarily, that is, that you're competent to enter the plea, that you haven't been threatened or had promises made to you in exchange for entering a guilty plea, and that you understand the potential consequences of your plea.  So I do have a few questions for you, just some background information for me. Where were you born?

THE DEFENDANT: In Dixon, Illinois.

THE COURT: And what's your date of birth?

THE DEFENDANT: 4/20/88.

THE COURT: At the time that you were arrested, where were you living?

THE DEFENDANT: In Francis Creek, Wisconsin.

THE COURT: Are you married or single?

THE DEFENDANT: I am divorced.

THE COURT: Do you have any children?

THE DEFENDANT: Yes, sir.

THE COURT: How many.

THE DEFENDANT: Four.

THE COURT: How old are they?

THE DEFENDANT: They are three, five, eight, and nine.

THE COURT: Was your last employment at the school before your arrest?

THE DEFENDANT: Yes, your Honor.

THE COURT: Are you currently, as we sit here today, under the influence of any drug or medication or anything else that would hinder your ability to understand what we're talking about today?

THE DEFENDANT: No, your Honor.

THE COURT: Mr. Luczak, the charges in the indictment and the potential penalties, have you discussed those with your client?

MR. LUCZAK: Yes, I have.

THE COURT: And, Mr. Schroeder, are you fully satisfied with the representation you've received from your attorney in this matter?

THE DEFENDANT: Yes, your Honor.

THE COURT: Before we go forward with your guilty plea, do you need any more time to talk to your attorney to ask him any other questions about your case?

THE DEFENDANT: I don't believe so, sir.

THE COURT: You should have a document before you called a plea agreement. Do you have that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Can you turn to Page 13 of that document. At the top of the page, your name is printed next to the date 3/3/26, and then there's a signature there. Is that your signature?

THE DEFENDANT: Yes, your Honor.

THE COURT: Did you have an opportunity to read this plea agreement and to discuss it with your lawyer in detail before you signed it?

THE DEFENDANT: Yes, your Honor.

THE COURT: And do you believe that you understand the terms of plea agreement?

THE DEFENDANT: Yes, your Honor.

THE COURT: Has anyone made any promises or threats to

you to get you to plead guilty in this case or to sign the plea agreement?

THE DEFENDANT: No, your Honor.

THE COURT: And, Mr. Luczak, are you satisfied that your client has had opportunity to discuss the plea agreement with you and that he understands the terms of the plea agreement?

THE DEFENDANT: Yes. We have talked about the plea over the last few weeks. I also met with him yesterday at length and went through line by line the agreement, answered any questions that he has. So, yes, I do believe that he understands what's in the agreement and the terms related to it.

THE COURT: And I should have asked you, Mr. Schroeder, you were a teacher at the time that this happened. How far did you go in school? What's your education level?

THE DEFENDANT: I have a master's degree, your Honor.

THE COURT: Okay. And do you understand that the charge that you're pleading guilty to is a felony offense and that if you're adjudged guilty of a felony offense, it will impact certain civil rights that you have like the right to vote, the right to carry firearms, the right to serve on a jury. Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: I also have to inform you that if you're

not a citizen of the United States, in addition to other penalties that you are facing, a plea of guilty may subject you to deportation or prevent you from entering the United States.

And, finally, this is a sex offense. And I need to make sure you understand that a conviction for this offense will likely result in future restrictions on where you can live, where you can work, and who you can associate with. Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: Mr. Schroeder, on Page 3 of the plea agreement are the elements that the government would have to prove. So if you decided not to enter a plea of guilty today and instead you wanted to go forward to a trial, in order for you to be found guilty, the government would have to prove the elements of the charge in Count 1 of the indictment.

And those elements are that at the time that -- that the -- at the time this occurred, the victim identified in the indictment was under the age of 18; and that you, for the purpose of producing a visual depiction of such conduct, knowingly employed, used, persuaded, and coerced the minor to take part in this sexually explicit conduct; and, third, that the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce. Those are the elements of the charge that have to be proven. Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: I also need to make sure that there is a factual basis for your plea. And on Page 2 of the plea agreement and moving on to Page 3 are the facts set forth which the government believes support the charge in the indictment, and those facts generally are that on or about August 23rd of 2023 you used a cell phone to create a video of sexual activity between you and the minor in your vehicle. The facts continue on to Page 3.

Are the facts set forth on Pages 2 and 3 of the plea agreement true and correct?

THE DEFENDANT: Yes, your Honor.

THE COURT: Okay. Mr. Humble, the plea agreement does call for the government to dismiss Count 2?

MR. HUMBLE: Yes.

THE COURT: All right. Mr. Schroeder, your sentence is going to be determined by a combination of advisory sentencing guidelines and other factors. But as far as the sentencing guidelines go, have you had an opportunity to talk to your lawyer about those guidelines and how they might apply to your case?

THE DEFENDANT: Yes, your Honor.

THE COURT: And do you understand that the Court won't be able to determine -- to determine the guideline range for your case until after the presentence report is completed. And

at that time, you'll have an opportunity to challenge the facts in the report, as will the government. But ultimately, the sentence imposed after that guideline determination is made may be different than any estimate that you've been given by your attorney. Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: And if you end up being unhappy or displeased with the sentence that you received, that fact alone would not give you the right to come back and ask that your plea be set aside. Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: Mr. Humble, the plea agreement on -- in Paragraph 17 contains a number of increases, which actually gets him to a Level 46 in the guidelines, which they don't even go that high. Is the -- the four-level increase for the sadistic masochistic conduct, is that based on something that was -- based on what I've read so far in this case, I haven't seen anything that supported that.

MR. HUMBLE: No, I -- oh, I'm sorry. I believe that will come out in the PSR, but I have spoken about -- with Mr. Luczak about this. And the reason the government's asserting that that four level, if I -- I can inform the Court, it's obviously quite graphic. But if you'd like me to, I can.

THE COURT: But you -- you think there's a potential for that coming out?

MR. HUMBLE: Yes.

THE COURT: Okay.

MR. HUMBLE: And Mr. -- again, Mr. Luczak and I talked about that. I think we're both with the understanding that he likely has a guideline of life.

THE COURT: Likely what?

MR. HUMBLE: The guideline is likely life.

THE COURT: The guideline is life, yes.

MR. HUMBLE: And so therefore practically speaking, we're talking about between fifteen and 30 for the sentence.

THE COURT: Right. And then when -- in the -- in the plea agreement on Page 6 in Paragraph 22, it says that the government agrees to recommend a sentence within the applicable guideline range. Obviously the range of life exceeds the maximum penalty of 30 years. So do I -- I just want to make clear before we go forward that that's the range that you're referring to that you'll be arguing for.

MR. HUMBLE: Yeah, the guidelines -- the mandatory minimum and the maximum essentially become the guidelines.

THE COURT: Okay. And then, Mr. Schroeder, by pleading guilty today, there are rights that you're giving up. Those rights are set forth on Page 9 of the plea agreement. I want to make sure that you have had a chance to look at those and understand that. If you wanted to and you didn't plead guilty, you could have a trial here. The jurors would sit

right there. The government would have to prove their case beyond a reasonable doubt. You would be able to call witnesses on your behalf. Your lawyer would be able to cross-examine witnesses. You would not have to testify. And the fact that you didn't testify couldn't be held against you.

By agreeing to plead guilty today, you're giving up those rights and the other rights that are contained in Paragraph 32 of the plea agreement. Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: And then, Mr. Humble, there is also the matter of the state charge. I have a letter on the back of the plea agreement that refers to it looks like -- and I don't know that we need to incorporate this, but I just want to run it by both of you, that he is going to be pleading guilty on the state charge with a joint recommendation of 15 years to run concurrent with whatever happens here?

MR. HUMBLE: Correct.

THE COURT: Okay. Other than noting that, you don't see a need for us to incorporate that into today's record?

MR. HUMBLE: I did -- I think I did reference in the plea agreement that the -- that is incorporated by reference, and I filed it along with that. I think -- I think it's appropriate to have this to be part of the packet for the plea agreement.

THE COURT: Mr. Luczak, do you have anything to add on

that?

MR. LUCZAK: Yeah, that is -- so this is a conditional plea, so we are reserving the right, you know, obviously to appeal the adverse *Miranda* decision. The only thing that I would add is I do believe that it should be incorporated, the state case. However, the only thing that I want to put on the record there is that we would be also litigating in some way and my guess the *Miranda* issue over on that side because it's the same issue. My guess is that the Court will review the transcripts of this, the hearing that we had, make a ruling just so that they're -- both of those issues are preserved in each one of the cases.

THE COURT: So that -- the suppression motion in the state claim has not yet been heard or ruled on?

MR. LUCZAK: Correct. As we tried to resolve this case globally, but with the spirit of this being that it was a conditional plea, obviously we have to litigate that in order to preserve that issue in the state case.

THE COURT: Okay. Okay. And from the defense, are there any other questions that you wish to have put to your client?

MR. LUCZAK: No, your Honor.

THE COURT: From the government?

MR. HUMBLE: No.

THE COURT: Yeah, I'm going to.

And there is no forfeiture; correct?

MR. HUMBLE: I don't believe so, no.

THE COURT: I didn't see any reference to it. All right.

Mr. Schroeder, as to Count 1 of the indictment, which charges you with using -- with knowingly persuading and inducing and coercing Jane Doe A to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct in violation of Title 18 United States Code Section 22151A, to that count of the indictment, how do you plead, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: And are you pleading guilty today, sir, because you are, in fact, guilty of that charge?

THE DEFENDANT: Yes, your Honor.

THE COURT: It is the finding of the Court in the case of United States versus Ryan Schroeder that the defendant is fully competent and capable of entering an informed plea. The defendant is aware of the nature of the charges. He clearly understands the potential penalties. He has not been threatened or coerced to enter the plea, and the plea is -- of guilty is a knowing and voluntary plea. It is supported by an independent basis in fact containing each of the essential elements of the offense. The plea is, therefore, accepted. And the defendant is now adjudged guilty of that offense.

A presentence report, as I mentioned earlier, will be prepared to assist me in sentencing. You will have an opportunity when that report is -- you'll be interviewed for that report. You'll have an opportunity to have your lawyer with you for that, and you and your lawyer will have an opportunity to review the report before sentencing and make any objections that you might have to that report.

And did we select a date for sentencing?

THE CLERK: June 16th at 1:30.

MR. HUMBLE: Judge, could I just add one more thing?

THE COURT: Yes.

MR. HUMBLE: With regard to penalties, it's not strictly speaking a penalty, but Paragraph 28 also references the mandatory $5,000 special assessment. If the defendant is determined to be nonindigent, obviously that determination can be made probably through the PSR. But I just want to put him on notice that that is a potential penalty as well.

THE COURT: So what paragraph is that?

MR. HUMBLE: 28.

THE COURT: Right. There is a potential, Mr. Schroeder, for a special assessment in this case. It's going to depend on some factors that haven't been determined yet, like your ability to pay; but the government just wants to make sure that you have been advised that that's a potential penalty as well. Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Okay.  Is there anything, Mr. Humble, from the government that I've missed or that we need to address?

MR. HUMBLE:  No, your Honor.

THE COURT:  Anything from the defense?

MR. LUCZAK:  No.  Thank you.

THE COURT:  All right.  We're adjourned.

(At 1:56 p.m. the hearing ended.)

C E R T I F I C A T E

I, JENNIFER L. STAKE, RDR, CRR, an Official Court Reporter for the United States District Court for the Eastern District of Wisconsin, do hereby certify that the foregoing is a true and correct transcription of the audio file provided in the aforementioned matter to the best of my skill and ability.

Dated this 27th day of March, 2026
Milwaukee, Wisconsin.

Jennifer L. Stake, RDR, CRR
United States Official Court Reporter
517 East Wisconsin Avenue, Room 324
Milwaukee, WI   53202

Jennifer_Stake@wied.uscourts.gov

_____
ELECTRONICALLY SIGNED BY JENNIFER L. STAKE
Official Court Reporter, RDR, CRR